UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-08-538 |
| | § | |
| ROLAND LUNA | § | |

### ORDER DENYING MOTION FOR LEAVE TO REINSTATE APPEAL WITHOUT PREJUDICE, FOR APPOINTMENT OF COUNSEL AND TO PROCEED *IN FORMA PAUPERIS*

Pending before the Court are the notice of appeal, motion for appointment of counsel and motion to appeal *in forma pauperis* filed by Roland Luna (Luna) and received by the Clerk on January 10, 2011. D.E. 46, 47, 48. Luna's notice of appeal requests reinstatement of his previous appeal to the Fifth Circuit. See D.E. 46 ("The Defendant was advised by appointed counsel to with draw [sic] appeal. Which was a timely appeal. . . . Defendant did not understand that he was signing to stop the appeal and giving up his rights to appeal his case.").

Luna was sentenced on February 6, 2009 to serve 120 months imprisonment with five years supervised release after his guilty plea to the charge of possession with intent to distribute 2,660.61 kilograms of marijuana. D.E. 22. Luna timely appealed; new appointed counsel appeared on his behalf; and transcripts were ordered and prepared. D.E. 25, 28, 29, 32, 33, and 34. The electronic record was certified to the Fifth Circuit Court of Appeals and provided to his counsel. D.E. 37. After the Fifth Circuit acknowledged receipt of the Record on Appeal, Luna, through counsel, filed a motion to dismiss his appeal. The Fifth Circuit dismissed his appeal on May 27, 2009, based upon his motion. D.E. 42. The record before this Court is silent as to the reason Luna gave the Fifth Circuit for dismissing his appeal.

228 days after the dismissal of his appeal, Luna filed the motions currently before this Court. Luna claims that his appellate counsel telephoned him and advised him to withdraw his appeal, that he "had no rights to appeal," and then faxed him papers to sign. D.E. 46.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3. Rule 4(b) requires a notice of appeal in a criminal case to be filed within 14 days of the judgment appealed from, but allows a motion for extension of the time to file the notice of appeal if the requested extension is within thirty days of the due date.[1] Fed. R. App. P. 4(b). Although Rule 4(b)(1)(A)'s time limit for filing a timely notice of appeal is not jurisdictional, it is mandatory. United States v. Martinez, 496 F.3d 387, 388 (5th Cir. 2007) (following Bowles v. Russell, 551 U.S. 205, 211-13, 127 S.Ct. 2360(2007)). A defendant does not have a right to have his untimeliness for filing a notice of appeal disregarded. United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. 2006).

Luna does not cite any legal basis for his request for reinstatement of his appeal. This Court does not have the authority to do so pursuant to Federal Rule of Civil Procedure 60(b) because the Rules of Civil Procedure do not apply to criminal cases. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir.1999) (J. Dennis dissenting from order granting temporary stay); see also United States v. Fields, 234 F.3d 706, *1 (5th Cir., Sept. 29, 2000) (Table)

---

[1] Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal:
In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
    (I) the entry of either the judgment or the order being appealed; or
    (ii) the filing of the government's notice of appeal.

Fed. R. App. P. 4(b)(1)(A). Rule 4(b)(4) states: "Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

(unpublished). Luna's original notice of appeal was timely; his current notice of appeal or request for reinstatement is unauthorized by the Federal Rules of Criminal Procedure or by statute. Other than by timely direct appeal which Luna abandoned, Luna may only attack his sentence through to a motion filed under 28 U.S.C. § 2255.

For these reasons, Luna's motions (D.E. 46, 47, and 48) for leave to reinstate his appeal, for appointment of counsel, and to appeal *in forma pauperis* are DENIED without prejudice to his filing a motion pursuant to 28 U.S.C. § 2255.[2] The Clerk is instructed to send Luna forms for filing a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255.

SIGNED and ORDERED this 18th day of January, 2011.

_____
Janis Graham Jack
United States District Judge

---

[2] Luna may file a motion pursuant to 28 U.S.C. § 2255 if he wishes to develop his contention that his attorney was ineffective for advising him to dismiss his appeal or any other complaint of ineffective assistance of counsel at trial or on appeal. The statute of limitations for filing a § 2255 motion runs from the latest of:
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.